**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | ) ) ) ) ) ) | |
| | | No.  18-CV-4514 |
| Plaintiffs, | ) ) | Judge |
| v. | ) ) | Magistrate Judge |
| C.A.D. CONTRACT GLAZING, INC., an Illinois corporation, and MICHAEL SCHMIDT, individually | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ, ANDREW S. PIGOTT, and

ARNOLD & KADJAN, complain against Defendant, **C.A.D. CONTRACT GLAZING, INC.**

**("C.A.D.")**,  and **MICHAEL SCHMIDT ("SCHMIDT")**, as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor

Relations Act, 29 U.S.C. Section 185 (a) as amended.

(b)    Jurisdiction of this cause is based upon Section 502 of the Employee

Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where

the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS,

ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE

BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant **C.A.D.** is an Illinois corporation engaged in an industry affecting commerce.

(b) Defendant **SCHMIDT** is president and owner of **C.A.D.**, and resides in this judicial district.

5. Since on or before April 1, 2015, **C.A.D.** entered into Collective Bargaining Agreements with the Union.

6. Certain provisions of the Collective Bargaining Agreements bind **C.A.D.** to the Trust Agreements establishing the Funds.

7. The terms of the Collective Bargaining Agreements and Trust Agreements require **C.A.D.** to contribute to the Funds on behalf of their bargaining unit employees.

8. The terms of the Collective Bargaining Agreements and Trust Agreements further require **C.A.D.** to submit its books and records to the Funds' auditor for the purpose of determining its compliance with its contribution obligations.

## COUNT ONE
### *Audit Findings*

9.  The Funds reallege paragraphs one through eight of this Complaint as though fully set out herein.

10.  On or around June 6, 2018, **C.A.D.** submitted its books and records to Plaintiffs' auditor for the period from April 1, 2015 through March 31, 2018.

11.  **C.A.D.**'s audit revealed the following arrearages due to the Funds:

  a.  $6,350.83 in contributions;

  b.  $952.62 in liquidated damages on the contribution findings;

  c.  $4,591.05 in discrepancies on prior contribution reports;

  d.  $5,974.13 in liquidated damages on prior late-paid contribution reports;

  e.  $840.00 in audit costs.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A.  Judgment be entered against Defendant in the amount of $18,708.63.

B.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

C.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT TWO
### *Inadequate Bonding*

12.  The Funds reallege paragraphs one through eleven of this Complaint as though fully set out herein.

13.     **C.A.D.**'s Collective Bargaining Agreement contains the following provision:

**BONDING**

**Section 6.**     Each Employer agrees that before commencing any work to which this Agreement applies, a performance bond in the sum of Fifty Thousand Dollars ($50,000.00) shall be provided to insure the prompt and full payment of all contributions due to the Welfare Fund, Pension Fund, and the Apprenticeship Fund. Bonding is mandatory under the contract.

(b) In the event an Employer fails for any reason to satisfy the bonding requirement above, the Employer shall be personally liable to the above Funds in the amount of Fifty Thousand Dollars ($50,000.00) plus all unpaid amounts in excess of that sum which are due the Funds by that Employer and legal fees and cost of collection. In the event the Employer is a corporation, liability under this paragraph shall be imposed not only on the corporation, but also personally on each corporate official of that Employer empowered to execute agreements or sign checks on the corporation's behalf, or to designate the persons empowered to do so. The provisions of this paragraph shall in no way relieve or excuse any Employer of the obligation to provide the bond described above, nor shall this provision limit the personal liability of said corporate officers based on operation of law.

14.     During the audit, the Funds' auditor requested **C.A.D.** produce the required bond, but **C.A.D.** did not have a bond to produce.

15.     **SCHMIDT** is a corporate official of **C.A.D.** empowered to execute agreements or sign checks on **C.A.D.**'s behalf.

WHEREFORE, Plaintiffs pray for relief as follows:

A.      Judgment be entered against Defendants **C.A.D.** and **SCHMIDT**, jointly and severally, in the amount of $68,708.63.

B.      Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2), as against each Defendant.

4

C.      This Court grant Plaintiffs such other and further relief as it may deem

appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE GLAZIERS
LOCAL UNION NO. 27 FUNDS**

By: s/ Andrew S. Pigott
                One of their Attorneys

Donald D. Schwartz
Andrew S. Pigott
**ARNOLD AND KADJAN**
35 E. Wacker Dr., Ste. 600
Chicago, Illinois 60601
(312) 236-0415